UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JEREMIAH DOE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 16-cv-12068-IT |
| | * | |
| ALAN SANDERSON, II, et al., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

April 27, 2017

TALWANI, D.J.

For the reasons stated below, the court (1) grants Plaintiff's Motion for Leave to Proceed in Forma Pauperis [#2]; (2) dismisses two Defendants; (3) orders that summonses issue as to all other Defendants; and (4) grants Plaintiff's Motion to Proceed under a Pseudonym [#3].

I.  **Background**

Plaintiff brings this action in which he alleges that, between July 2013 and October 2013, he suffered verbal and physical abuse by prison employees and supervisory officials while he was incarcerated at the Souza-Baranowski Correctional Center ("SBCC") in Shirley, Massachusetts. Plaintiff further claims that forty-five days of good time credits were wrongfully revoked by defendants Dayna Morgan and Larry Turner. Plaintiff seeks compensatory and punitive damages as well as a declaratory judgment that Defendants have violated the law.

With his Complaint [#1], Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis [#2] and a Motion to Proceed under a Pseudonym [#3].

**II.    Discussion**

   **A.    Motion for Leave to Proceed in Forma Pauperis [#2]**

Upon review of Plaintiff's Motion for Leave to Proceed in Forma Pauperis [#2], the court concludes that Plaintiff is without income or assets to prepay the filing fee. Accordingly, the motion is granted. Pursuant to 28 U.S.C. § 1915(b)(1), an initial partial filing fee of $52.19 is assessed. The remainder of the fee, $297.81, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

   **B.    Screening of the Complaint**

When a plaintiff seeks to file a complaint without prepayment of the filing fee, the court may review the complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2). This review is required under 28 U.S.C. § 1915A, where a prisoner complaint in a civil action seeks redress from a governmental entity or an officer or employee of a governmental entity. Both § 1915(e)(2) and § 1915A authorize federal courts to dismiss a complaint if the claims therein fail to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b). In conducting this review, the court liberally construes the complaint because Plaintiff is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Here, Plaintiff has failed to state a claim upon which relief may be granted as to the alleged revocation of his good time credits without a hearing or notice. "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (citations omitted) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)); see also Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas

2

corpus . . . ."). Accordingly, the court cannot entertain as part of this action any claim for release or equitable relief that would "demonstrate the invalidity of [Plaintiff's] confinement or its duration" or "spell speedier release." Wilkinson, 544 U.S. at 82. This rule applies even when, as here, a party is seeking damages rather than release, see Edwards v. Balisok, 520 U.S. 641, 648 (1997). Similarly, a claim for money damages, based on allegations of the wrongful revocation of good time credits (or the imposition of any other disciplinary sanction that affects the duration of confinement), is only available where the good time credits have been restored in a separate proceeding. See Balisok, 520 U.S. at 648; cf. DeWitt v. Wall, 121 Fed. Appx. 398, 399 (1st Cir. 2004) (per curiam) (not selected for publication) (upholding grant of summary judgment against plaintiff who sought damages for the loss of good time credits; plaintiff "could only obtain restoration of his credits in a habeas action, and he could only seek damages under § 1983 after overturning such decisions" (citations omitted)).

Accordingly, the court will dismiss without prejudice Plaintiff's claims that his due process rights were violated when his good time credits were revoked. Because Plaintiff's only claims against Morgan and Turner concern the revocation of good time credits, the court will dismiss them as Defendants in this action.

### C. **Motion to Proceed under a Pseudonym [#3]**

The Motion to Proceed under a Pseudonym [#3] is GRANTED to the extent that Plaintiff seeks to use a pseudonym on the public docket. Plaintiff's true name shall be redacted from all documents filed on the public docket and all parties shall, in their public filings, refer to Plaintiff as "Jeremiah Doe." Any document which contains Plaintiff's true name must be filed under seal. The grant of this motion is subject to future reconsideration of the issue upon motion of any party or by the court sua sponte.

The grant of this motion, however, does not prevent Defendants from knowing the true identify of Plaintiff, as it would be impossible for Defendants to defend themselves without this information. Further, unless another viable mode of service is identified by Plaintiff, the court and Defendants will serve Plaintiff by mailing documents to him under his real name.

Finally, Plaintiff's use of a pseudonym on the public docket does not relieve him of the duty to serve Defendants in accordance with Rule 4. As part of that service, Plaintiff shall serve on Defendants an unredacted version of his Motion to Proceed under a Pseudonym [#3].

### III. Conclusion

Accordingly:

1. The Motion for Leave to Proceed in Forma Pauperis [#2] is GRANTED. Pursuant to 28 U.S.C. § 1915(b)(1), the court assesses an initial partial filing fee of $52.19. The remainder of the fee, $297.81, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this order (and Plaintiff's name) to the treasurer of the institution having custody of Plaintiff.

2. Any claims regarding Plaintiff's loss of good time credits are DISMISSED WITHOUT PREJUDICE.

3. Dayna Morgan and Larry Turner shall be DISMISSED as parties to this action.

4. The Motion to Proceed under a Pseudonym [#3] is GRANTED subject to the conditions set forth above.

5. Summonses shall issue as to all Defendants except Morgan and Turner. Plaintiff is responsible for serving the summonses, complaint, an unredacted version of the Motion to Proceed under a Pseudonym [#3], and this Order on Defendants in compliance with Rule 4 of the

Federal Rules of Civil Procedure and Local Rule 4.1. Service must be completed within 90 days of the date of this Order.

  6. Because Plaintiff is proceeding <u>in forma pauperis,</u> he may elect to have service completed by the United States Marshals Service ("USMS"). If Plaintiff chooses to have service completed by the USMS, he shall provide the agency with all papers for service on Defendants and a completed USM-285 form for each party to be served. The USMS shall complete service as directed by Plaintiff with all costs of service to be advanced by the United States. The Clerk shall provide Plaintiff with forms and instructions for service.

**SO ORDERED.**

                <u>/s/ Indira Talwani</u>
                Indira Talwani
                United States District Judge