UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEREMIAH DOE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 16-cv-12068-IT |
| | * |
| ALAN SANDERSON, II, et al., | * |
| | * |
| Defendants. | * |

MEMORANDUM & ORDER
November 13, 2019

TALWANI, D.J.

Plaintiff, proceeding *pro se*, filed a Motion to Compel Discovery [#53]. Plaintiff asserts that Defendants failed to respond fully to nine of Plaintiff's Request for Production of Documents. Decl. of Jeremiah Doe in Supp. of Mot. to Compel ("Doe Decl.") ¶ 8 [#55]. Following a hearing, and for reasons stated below, the Motion to Compel [#53] is DENIED in part and GRANTED in part as to Defendant Alan Sanderson, II.[1]

Requests No. 2 and No. 3

Request No. 2 seeks:

> All documents, reports, memoranda, notices, letters and [correspondences], training materials, policies, procedures, rules, and regulations concerning the correct way and procedures in handcuffing and/or rest[r]aining persons.

Mem. in Supp. of Mot. to Compel Disc., Ex. 1 Pl.'s First Req. for the Produc. of Docs. ("Pl.'s

---

[1] Plaintiff's Motion to Compel Discovery [#53] sought relief as to all Defendants and the Department of Corrections ("DOC"). The court has dismissed claims against the remaining Defendants, see Order of Dismissal [#78], and the DOC is not a party. Accordingly, the Order is directed to the remaining Defendant, Alan Sanderson, II, except as set forth in this footnote.

Defendant's counsel, who also serves as DOC counsel, agreed at the hearing to treat the discovery request also as a request to DOC (thereby avoiding unnecessary delay for Plaintiff to re-serve the request as a subpoena duces tecum). DOC's responses to Plaintiff's interrogatory requests, requests for admissions, and document requests (as limited herein) shall be served by **January 2, 2020**.

RFP") [#54-1]. Request No. 3 seeks:

> All documents, reports, memoranda, notices, letter and correspondences, training materials, policies, procedures, rules, and regulations concerning the treatment of inmates/offenders who are located in Massachusetts Department of Corrections facilities. This will be for both the verbal and physical treatment of inmates/offenders, which should include any code of conduct, and policies regarding the publishing of inmate convictions for all inmates to see or hear.

Pl.'s RFP 3 [#54-1].

Plaintiff asserts that the requested documents are highly relevant to his claim that Defendant acted outside of the scope of training when he twisted Plaintiff's arm while handcuffing him. Id. Defendant contends that these requests are overbroad, not limited in time and scope, and seek subject matter that is both irrelevant to the subject matter of the action and not reasonably calculated to lead to the discovery of admissible evidence. Def.'s Resp. to Pl.'s RFP 2; Def.'s Resp. to Pl.'s RFP 3 [#54-1]. Defendant also asserts that RFP 3 appears to have been propounded "solely for the purpose of annoyance . . . ." Id. Without waiving these objections, Defendant produced a copy of the public use of force CMR as responsive to RFP 2, but asserted that production of further responsive documents jeopardizes internal security.[2] With respect to RFP 3, Defendant produced training materials, and otherwise referred Plaintiff to policies and regulations available at the inmate law library. Defendant notes that he has withheld one document, containing rules and regulations for Department of Corrections ("DOC") employees, because production would present security concerns.

The request for "*all* documents, reports . . . and regulations" (emphasis added) without a time limitation is overbroad. Documents relating to the period when Plaintiff was incarcerated at

---

[2] In the Response to Plaintiff's RFP 2 and certain other requests discussed below, Defendant also stated that the information requested was "prohibited by disclosure pursuant to M.G.L. c. 4, § 7(26)(b) [the Public Records Law]." Defendant's counsel acknowledged at the hearing that the Public Records Law limitations on documents was not controlling in discovery.

2

Souza-Baranowski, from July 2013 to October 24, 2013 (the "relevant period"), Compl. ¶¶ 14, 103 [#1], in contrast, appear to be "relevant to [his] claim . . . and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). With respect to RFP 3, the request is also overbroad to the extent it seeks documents unrelated to physical abuse or publication of confidential inmate records. However, documents relating to physical abuse or the publication of confidential inmate records in force during relevant period of his Complaint [#1] are relevant to Plaintiff's surviving 42 U.S.C. § 1983 claim and state law claims of verbal and physical harassment. The court COMPELS production of responsive documents for the relevant period as follows.

In order to address the internal security concerns raised by the Defendant, the court adopts the following protocol for *in camera* review of relevant documents. Plaintiff is directed to propound one or more interrogatories or requests for admission stating the specific policy or information he seeks to prove through the requested documents. Defendant shall respond to the interrogatories or requests for admission. If Defendant disputes Plaintiff's assertions regarding the specific policy or information contained in the documents, Defendant shall provide a copy of the documents to Plaintiff, with information not directly related to Plaintiff's inquiry redacted. If Defendant contends that providing the redacted document would still raise internal security concerns, or Plaintiff notifies Defendant's counsel that Plaintiff seeks review of redacted portions of the document, Defendant shall file a Request for *In Camera* Review, attaching Plaintiff's Interrogatory or Request for Admission and Defendant's Response, and shall submit the responsive documents to the clerk for filing under seal pursuant to this Order.

Request No. 4

All training officers' names and current contact information for all of the defendants. This would include training staff, supervisors, and guest training staff who would teach any aspect of the training both at the training academy and continual training and the aspects in which each of these training staff members taught and when they taught

3

Pl.'s RFP 4 [#54-1]. Plaintiff asserts that he needs the names of the training officers in order to argue that Defendant's treatment of him fell outside the scope of their training.

Defendant asserts that this request is vague, irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Following a colloquy at the hearing, it appears that there may be little, if any, dispute between the parties as to the proper method of handcuffing.[3] Plaintiff may serve a Request for Admission or Interrogatory regarding the proper handcuffing method for the narrow circumstances identified in the complaint (such as transport from the cell to the shower). See Compl. ¶¶ 68-78 [#1]. Plaintiff's request is otherwise DENIED.

Request No. 5

All video footage of the units that the Plaintiff was located in for the times that he was located in the units. This would include all units in Souza-Baranowski Correctional Center SMU, G-1 and other SMU. The Plaintiff is only seeking the videos between the hours of 5:00 am to midnight.

Pl.'s RFP 4-5 [#54-1].

Defendant asserts that he did not identify any footage responsive to this request, and that, as a Corrections Officer, he would lack possession, custody or control of video surveillance at the facility. Opp'n to Mot. to Compel 8-9 [#58]. Plaintiff asserts that Defendant destroyed the footage, and moves for a spoliation sanction against Defendant. Pl.'s Mem. 6 [#54]. Plaintiff has not shown that Defendant Sanderson had control over the video, and the court will not penalize Defendant Sanderson for not maintaining footage over which he lacked control. Accordingly, this Request is DENIED.

Request No. 8

---

[3] The primary dispute between the parties appears to be as to what actually transpired during the incident at issue in this suit.

> All Internal Affairs Reports or documentation for each of the defendants for their whole working time. This would include any investigations that would have been investigated by Internal Affairs in central office, Internal Affairs at the facility, facility investigations, supervisor investigation. Also the results of the investigation to include discipline or written reprimand and the conclusion to the disciplinary action if any appeals were taken.

Pl.'s RFP 8 [#54-1].

Defendant objects to this request the grounds that it is vague, irrelevant, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of the Complaint. Defendant also objects on the grounds that the request compromises the personal safety of DOC personnel, the requested information violates personal privacy, and the request calls for intelligence information prohibited from disclosure by G.L. c. 6, §§ 167, 103 CMR 157.07, and internal personnel rules and procedures, as well as the Public Records Law. Opp'n to Mot. to Compel 10 [#58]. However, counsel also represents that the documents sought in Requests No. 8 are not in Defendant's possession, custody or control, but that "to the extent such documents exist, they are being withheld due to the above objections." Id. at 10-11.

The court finds that Plaintiff's request is relevant to Plaintiff's claims that Defendant Sanderson committed misconduct when he restrained Plaintiff. In order to address the internal security and privacy concerns raised by the Defendant, Defendant shall follow the production and review protocol described in response to RFPs 2 and 3. To the extent that there are no documents responsive to this request, Defendant shall amend his response to the request for discovery to reflect that materials responsive to this request do not exist.

> Request No. 9
>
> All documents in personal files for the defendants in include job application, C.V., past employment, background checks, any polygraph results, and drug tests. All sensitive information may be redacted for privacy issues, but original unredacted shall be made available for the court to review in camera.

Pl.'s RFP 5 [#54-1] .

Defendant objects that this request is irrelevant, overly broad, unduly burdensome, not likely to lead to admissible evidence, and beyond the scope of the Complaint. The court agrees that the information request in Request No. 9 is overbroad. Accordingly, the motion is DENIED with respect to this Request.

### Request No. 10

> All documents, reports, memoranda, notices, letters and correspondences concerning or relating to anything involved with the events mentioned or for the purposes of their employment in the Massachusetts Department of Corrections that were authored by the defendants, this would also include electronic searches.

Pl.'s RFP 6 [#54-1].

Defendant asserts that there are no responsive documents to this Request that have been withheld. Opp'n to Mot. to Compel 14 [#58]. Accordingly, Plaintiff's request to compel materials with respect to this request is DENIED.

### Request No. 11

> All documents relating to electroni[c] searches and webpage views for Souza-Baranow[s]ki Correctional Center for the time of July 1, 2013 to October 31, 2013. This would include but not be limited to searches for the Plaintiff's name online, Plaintiff's previous job assignment, Plaintiff's trial information, and Plaintiff['s] city and state.

Pl.'s RFP 6 [#54-1].

Defendant states that there are no responsive documents to this Request that he has withheld. Opp'n to Mot. to Compel 15 [#58]. Because there are no responsive documents, Plaintiff's request to compel materials with respect to this request is DENIED.

. Conclusion

Plaintiff's Motion to Compel [#53] is GRANTED in part and DENIED in part as described above. Plaintiff's interrogatory requests and requests for admission, as permitted in

6

this Order, must be served by **December 2, 2019**. Defendant Sanderson's responses to interrogatory requests, responses to requests for admission, and revised discovery responses must be served by **January 2, 2020**.

      IT IS SO ORDERED.

Date: November 13, 2019                                         /s/ Indira Talwani
                                                                               United States District Judge