UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JEREMIAH DOE,                          *
                                       *
            Plaintiff,                 *
                                       *
      v.                               *      Civil Action No. 16-cv-12068-IT
                                       *
ALAN SANDERSON, II, et al.,            *
                                       *
            Defendants.                *

MEMORANDUM & ORDER
March 4, 2021

TALWANI, D.J.

Plaintiff, proceeding *pro se*, filed a Second Motion to Compel [#100] seeking an order

compelling the Department of Corrections ("DOC")[1] to produce video footage and other

material. For reasons stated below, the Second Motion to Compel [#100] is DENIED.

I.      Standard

Unless otherwise limited by court order, the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant
> to any party's claim or defense and proportional to the needs of the case,
> considering the importance of the issues at stake in the action, the amount in
> controversy, the parties' relative access to relevant information, the parties'
> resources, the importance of the discovery in resolving the issues, and whether the
> burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). A party seeking inspection or production of documents or electronically

stored information or tangible things may move to compel disclosures if a party fails to permit

the requested inspection. Fed. R. Civ. P. 37(3)(B)(iv); see also Fed. R. Civ. P. 34.

---

[1] Although the court has dismissed claims against the DOC, see Order of Dismissal [#78],
counsel for Sanderson and the DOC accepted Plaintiff's discovery request as a request to DOC
as well as Sanderson (thereby avoiding unnecessary delay for Plaintiff to re-serve the request as
a subpoena duces tecum).

II.  Plaintiff's Request No. 5

Plaintiff seeks production of the videos identified by DOC in response to Plaintiff's

Request No. 5. Request No. 5 seeks:

> All video footage of the units that the Plaintiff was located in for the times that he
> was located in the units. This would include all units in Souza-Baranowski
> Correction Center SMU, G-1 and other SMU. The Plaintiff is only seeking the
> videos between the hours of 5:00 a.m. to midnight.

Second Mot. to Compel, Ex. 1 Pl.'s First Req. for the Prod. of Docs. ("Pl.'s RFP") 5 [#100-1].

> DOC responded as follows:

> The Department of Correction objects to this request on grounds it is vague,
> irrelevant, overly broad, unduly burdensome, not reasonably calculated to lead to
> the discovery of admissible evidence, and beyond the scope of this Complaint. Fed.
> R. Civ. P. 26(b). The Department of Correction further objects to this request in
> that it is improperly excessive in its scope and therefore appears to have been
> propounded solely for the purpose of annoyance, harassment, oppression, undue
> burden or expense.

> Subject to and without waiving these objections, the Department of Correction
> states that the following video footage responsive to the request is available: (1)
> video footage from the K3 Unit, where plaintiff was housed, is available for the
> time period of August 11, 2013 through August 21, 2013; (2) video footage from
> L3 Unit, Cell 29, which is not the cell where plaintiff was then housed, is available
> for the time period of 10:59 a.m. through 12[:]00 p.m. on September 29, 2013; and
> (3) video footage from K3 Unit, Cell 29, which is not the cell where plaintiff was
> then housed, for the time period of July 29 to July 30, 2013. As the latter two videos
> do not show the cell where plaintiff was then housed, they are irrelevant to the
> subject matter of this litigation and not reasonably calculated to lead to the
> discovery of admissible evidence, and therefore disclosure of such is not required
> under Federal Rule of Civil Procedure 26. The Department of Correction states that,
> after duly diligent search, no other video footage responsive to this request exists.

> As to the video footage from K3 Unit from August 11, 2013 through August 21,
> 2013, the Department of Correction states that the following is irrelevant to the
> subject matter of this litigation for the following reasons: (1) defendant Sanderson
> was not assigned to the K3 Unit during this time frame; (2) the Amended Complaint
> does not claim any misconduct on defendant Sanderson's part until August 30,
> 2013, Complaint, Document 1, at ¶ 54, nine days after any video footage from this
> unit is available. The Department also states that this video footage does not show
> a clear view of plaintiff's cell, a clear view of anyone exiting the cell, nor any person
> who is near it. For this reason, providing this video footage to plaintiff for his
> viewing would be unduly burdensome to the Department of Correction, both in

2

terms of the staff time which would be used to copy these hundreds of hours of videos as well as to monitor plaintiff while he views these videos out-of-cell, and not reasonably calculated to lead to the discovery of admissible evidence. For these reasons, disclosure of these videos is not required by Federal Rule of Civil Procedure 26.

DOC's Response to Pl.'s Mot. for Req. for Prod. Of Docs. ("DOC Response") 7-8 [#104-1].

Plaintiff asserts that the identified videos show the area where he was housed when he was "assaulted and verbally harassed," and that he anticipates that the video will show what occurs during a "typical time period" and "how correctional staff are supposed to transport witnesses." Second Mot. Compel ¶ 8. Plaintiff argues that it "is important for the jury" to have this information and that this footage could also be used to impeach witnesses. Id.

The DOC argues that this request is overbroad and unduly burdensome. DOC's Opp'n to Second Motion to Compel ("Opp'n") 2-3 (citing Fed. R. Civ. P. 26) [#104]. The DOC also contends that Plaintiff's statement that the video footage "*may* serve to inform the jury about the workings of the unit" fails to satisfy the requirements of Fed. R. Civ. P. 34 and 45. Id. at 3 (emphasis in original). Finally, the DOC explains that none of the requested video shows anything relevant to the remaining issues in Plaintiff's Complaint [#1]. Id.

The court finds that the marginal relevance of the existing video is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and finds that the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff's remaining claim in this action is that on August 30, 2013, Defendant Sanderson twisted his arm, caused injuries, and in so doing violated the Eighth Amendment and the Massachusetts Civil Rights Act. Complaint ¶¶ 54, 75, 77, 109, 110 [#1]. The video footage covers the time periods of July 29 to 30, 2014, August 11 to 21, 2013, and September 29, 2013, but not August 30, 2013. Opp'n 2-3 [#104]. Defendant Sanderson was not assigned to the K3 unit during the time of the video footage and Plaintiff was not housed in the relevant cell during the time of the video

3

footage from L3 Unit, Cell 29, and K3 Unit, Cell 29. Id. at 2. Therefore, the footage is not likely

to include any interactions between Defendant Sanderson and Plaintiff. Id. at 2-3. Accordingly,

Plaintiff's request to compel the video at issue is DENIED.

III.    Plaintiff's Request No. 11

Plaintiff seeks an unredacted copy of the single document produced by DOC in response

to Request No. 11. Request No. 11 seeks:

> All documents relating to electroni[c] searches and webpage views for Souza-
> Baranow[s]ki Correctional Center for the time of July 1, 2013 to October 31,
> 2013. This would include but not be limited to sear[c]hes for the Plaintiff's name
> online, Plaintiff's previous job assignment, Plaintiff's trial information, and
> Plaintiff['s] city and state.

Pl.'s RFP 11 [#100-1].

> DOC's responded as follows:

> The Department of Correction objects to this request on grounds it is, irrelevant,
> not reasonably calculated to lead to the discovery of admissible evidence, and
> beyond the scope of this Complaint. Fed. Rule Civ. P. 26(b). No documents relevant
> to this Request have been withheld based upon these objections.

> Subject to and without waiving these objections, the Department of Correction
> states that, after a duly diligent search, there are no documents concerning or
> relating to online searches responsive to this Request in its possession, custody, or
> control. There are no documents concerning or relating to online searches and
> webpage views made by employees of the Souza Baranowski Correctional Center.
> The Department of Correction provides the one document which exists and is
> responsive: Massachusetts Department of Correction User Tracking Report Dated
> July 19, 2013, attached as Department of Correction's Response to Plaintiff's
> Request for Production of Documents at pages 0032-0040. This document shows
> when Department staff members viewed information concerning plaintiff on the
> Department's Inmate Management System from the time frame of July 9, 2013,
> through when the report was run on July 19, 2013.

DOC's Responses [#104-2].

Plaintiff asserts that the document provided by the DOC is "heav[i]ly redacted" and that

the redactions will prevent him from using the document to impeach witnesses during the trial.

Second Mot. to Compel ¶ 10 [#100]. The DOC states that none of the Defendant's proposed

witnesses, other than Defendant, appear in the tracking report. Opp'n 4 [#104]. The DOC also

states that given the narrow issues before the court, Plaintiff's claim that other users' identities

will lead to admissible evidence lacks merit. Id.

The DOC has provided the relevant portions of the tracking report, namely the entries

that relate to Defendant Sanderson. The court has dismissed all other claims, see Mem. & Ord.

[#39]; Ord. [#78], and Plaintiff has not explained how removing the redactions would lead to

evidence relevant to his remaining claims against Defendant Sanderson. Thus, this request is also

DENIED.

IV.     Conclusion

Plaintiff's Second Motion to Compel [#100] is DENIED.

IT IS SO ORDERED.


Date: March 4, 2021                                    /s/ Indira Talwani
                                                      United States District Judge