UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS
DOCKET NO. 1:16-cv-12068-IT

| | |
|---|---|
| JEREMIAH DOE,<br>Plaintiff,<br><br>v.<br><br>ALAN SANDERSON, II,<br>Defendant | MOTION IN LIMINE TO EXCLUDE<br>TESTIMONY REGARDING MEDICAL<br>DIAGNOSIS OR CAUSATION |

F I L E D
Clerk's Office
USDC, Mass.
Date 3/8/2021
By_____
Deputy Clerk

Defendant Alan Sanderson, II, moves *in limine* to exclude any testimony regarding medical diagnosis or causation by plaintiff Jeremiah Doe, or any of plaintiff's proposed witnesses. As reasons therefor, defendant states that plaintiff does not possess the requisite scientific, technical or other specialized knowledge in order to testify to medical diagnosis or causation. Further, plaintiff has not disclosed any expert witnesses to testify to a medical diagnosis or causation.

In the Complaint, plaintiff alleges that he "received injuries from what defendant Sanderson did. The plaintiff received bruises on both wrists about 2 inches in diameter and numbness on the pointer finger, thumb, and web between the thumb and pointer finger. This numbness lasted 6 months to a year." Complaint ¶ 77.

It is improper for a plaintiff to present lay opinion testimony regarding medical diagnosis or causation because lay witnesses do not have the requisite "scientific, technical or other specialized knowledge" to do so. Fed. R. Evid. 701(c) and *Trout, et al., v. Hershey Medical Center, et al.*, 2008 WL 3978060 (M.D. Pa. Aug. 26, 2008). Because understanding medical causation is "beyond the ... knowledge of the ordinary layman ... proof of

1

if it must rest upon expert medical testimony." *Hachadourian's Case,* 340 Mass. 81, 85, 162 N.E.2d 663 (1959).

Under Federal Rule of Evidence 701, lay witnesses may testify in the form of an opinion that is limited to one that is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702 [regarding testimony by expert witnesses]."

None of plaintiffs' proposed witnesses have been designated as an expert or otherwise shown to have the scientific, technical, or specialized knowledge to provide opinion testimony regarding the medical diagnosis, prognosis, causation, or permanency of plaintiff's injuries. Plaintiff may be able to provide opinion testimony, however, regarding the aspects of his injuries that are rationally based on his perception and within the common knowledge of a lay person. Plaintiff can testify to his own perception, what he felt, saw, smelled, heard, based on his personal experience. On the other hand, plaintiff is not qualified to opine regarding the medical diagnosis, prognosis, causation or permanency of his alleged hand injury. Only a medical expert whose opinion meets the requirements of *Daubert* and Federal Rule of Evidence 702 could testify regarding the diagnosis of a hand injury and any long term effects.

For the above reasons, defendant moves to exclude any testimony by plaintiff or plaintiff's witnesses regarding medical diagnosis or causation.

<table>
<tr><td>DATE: March 8, 2021</td><td>Respectfully submitted,<br>Defendant Alan Sanderson, II,<br>By his attorneys,<br><br>NANCY ANKERS WHITE<br>Special Assistant Attorney General<br><br>/s/ Jennifer A. Doherty<br>Charles W. Anderson, Jr., BBO # 635016<br>Jennifer A. Doherty, BBO #646151<br>Department of Correction Legal Division<br>70 Franklin Street, Suite 600<br>Boston, MA 02110<br>(617) 727-3300<br>Charles.Anderson2@Massmail.state.ma.us<br>Jennifer.Doherty@MassMail.state.ma.us</td></tr>
</table>

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be mailed to those indicated as non-registered participants, including the *pro se* plaintiff at the following address:

Jeremiah Doe (T93493)
Old Colony Correctional Center
One Administration Road
Bridgewater, MA 02324

Dated: March 8, 2021              /s/ Jennifer A. Doherty
                                  Jennifer A. Doherty, BBO #646151