UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEREMIAH DOE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 16-cv-12068-IT |
| | * |
| ALAN SANDERSON, II, | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER
June 24, 2021

TALWANI, D.J.

Plaintiff, who was formerly incarcerated at Souza-Baranowski Correctional Center ("SBCC"), brought this action against various defendants at the Department of Corrections ("DOC"). Following dismissal of most claims and defendants and completion of discovery, this matter is now scheduled for trial on the remaining excessive force claims against Defendant SBCC Correctional Officer Alan Sanderson, II. In this memorandum and order, the court rules on the Parties' pending motions *in limine*. For the reasons that follow, Defendant's motion *in limine* to exclude testimony regarding dismissed defendants and claims [#118] is ALLOWED; Defendant's motion *in limine* to exclude testimony regarding medical diagnosis and causation [#119] is ALLOWED; Defendant's motion *in limine* to exclude the testimony of Renate Carrier [#120] is ALLOWED in part and DENIED in part; Defendant's motion *in limine* to exclude the testimony of Erick Gomez [#121] is ALLOWED; Plaintiff's motion *in limine* to exclude Plaintiff's criminal record [#140] is ALLOWED in part and DENIED in part; Plaintiff's motion *in limine* to exclude the testimony of three DOC employees [#141] is DENIED; and Plaintiff's motion to sequester witnesses prior to their testimony [#142] is ALLOWED.

A. Defendant's Motion *in Limine* to Exclude Testimony Regarding Dismissed Defendants and Dismissed Claims [#118]

Defendant seeks to exclude testimony concerning the actions of the dismissed defendants and the dismissed claims. Defendant argues such testimony is not relevant, and even if relevant, its probative value is outweighed by its potential prejudicial impact, it will confuse the jury, and it will obscure the remaining claims against Defendant. Def.'s Motion [#118].

To be admissible, evidence must be relevant. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Even relevant evidence may be excluded however, "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Courts have broad discretion to weigh the probative value and any factors counseling against admissibility in making evidentiary rulings. See Spring/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008); United States v. Guzman-Montanez, 756 F.3d 1, 7 (1st Cir. 2014).

Plaintiff contends that evidence concerning the dismissed defendants' actions is relevant because it shows "a pattern of behavior" of the DOC and its employees. Pl.'s Opp'n [#137]. In his view, the Defendant's alleged conduct was consistent with DOC's "routine practice or habit" of treatment of inmates. Id. (citing Fed. R. Evid. 406). However, DOC's "routine practice or habit" of treating inmates does not make more or less probable the specific allegations as to Defendant Sanderson. Moreover, any such evidence could confuse the jury rather than assist it. Accordingly, Defendant's Motion [#118] is ALLOWED.

B. Defendant's Motion *in Limine* to Exclude Testimony Regarding Medical Diagnosis or Causation [#119]

Defendant seeks to exclude Plaintiff, or any of Plaintiff's proposed witnesses, from testifying regarding Plaintiff's medical diagnosis or the causation of Plaintiff's injury because (1) Plaintiff lacks requisite knowledge, training, or skill to offer this testimony and (2) Plaintiff has not disclosed any expert witnesses on these subjects. Def.'s Motion 1 [#119]. Defendant asks that Plaintiff's testimony be limited to opinions "regarding the aspects of his injuries that are rationally based on his perception and within the common knowledge of a lay person." Id. at 2. Plaintiff responds that he does not "fully object" to the Motion [#119], but states he intends to use his "medical training" to explain his injuries to the jury. Pl.'s Response [#139].

Lay witnesses may offer opinions which are "(a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701; see also Walton v. Nalco Chemical Co., 272 F.3d 13, 25 (1st Cir. 2001) ("Rule 701 permits the rendering of lay opinion testimony when [it] is (a) rationally based upon the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.") (citation and quotation omitted). Rule 702, in turn, allows a witness "who is qualified as an expert by knowledge, skill, experience, training or education" to testify as an expert if certain requirements are met. Fed. R. Evid. 702. An expert witness must be properly disclosed. See Fed. R. Civ. P. 26(a)(2).

Here, Plaintiff has made no expert disclosures, and has offered an insufficient basis to qualify himself as an expert witness. Accordingly, Plaintiff may testify about his alleged injury and wellbeing based on his own perception and experience, but may not offer testimony based on his medical training, where such testimony is beyond the scope of lay witness testimony.

Plaintiff also states he intends to elicit testimony concerning his wellbeing from other witnesses. Pl.'s Opp'n [#139]. To the extent other witnesses have personal observations of Plaintiff's appearance or behavior as it may relate to his wellbeing, they may testify accordingly. However, because no expert witnesses were disclosed, Plaintiff may not elicit diagnostic or causation testimony regarding his mental health. Accordingly, this Motion [#119] is ALLOWED.

C. Defendant's Motion *in Limine* to Exclude the Testimony of Renate Carrier [#120]

Defendant seeks to exclude the testimony of Renate Carrier, Plaintiff's mother, arguing Ms. Carrier "has no personal knowledge of any relevant testimony, nor any anticipated testimony not barred by the Federal Rules of Evidence." Def.'s Mot. 1 [#120]. Defendant also argues Ms. Carrier's anticipated testimony concerning a phone conversation between Ms. Carrier and Plaintiff would be barred as hearsay under Fed. R. Evid. 801. Id. at 2. Plaintiff responds that Ms. Carrier will offer testimony regarding name calling and actions Ms. Carrier has taken "to try to protect Mr. Doe from Mr. Sanderson[.]" Pl.'s Opp'n [#138].[1]

A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge. Fed. R. Evid. 602. Evidence to prove personal knowledge may consist of the witness's own testimony. Fed. R. Evid. 602. Absent an exception to the hearsay rule, an out of court statement may not be offered in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801.

---

[1] Plaintiff states further that Ms. Carrier will testify as to her impressions of changes in Plaintiff's demeanor following the alleged incident. As noted in the prior section, the court will allow Ms. Carrier's testimony regarding changes she observed.

To the extent that Ms. Carrier seeks to testify as to name calling that she may have heard in the background while talking to Plaintiff on the phone, such testimony is not offered for the truth of matter but to show the alleged harassment. That testimony is therefore not subject to exclusion on hearsay grounds.

Ms. Carrier may not testify, however, as to statements made by Plaintiff during that phone conversation (as those statements would be hearsay) and may not identify the background speaker where she has no personal knowledge upon which to base such an identification. Plaintiff also has not demonstrated the relevance of Ms. Carrier's testimony as to the actions she has taken to protect Plaintiff from Mr. Sanderson, and this testimony therefore is excluded. Accordingly, this Motion [#120] is ALLOWED in part and DENIED in part.

D.  Defendant's Motion *in Limine* to Exclude Testimony of Erick Gomez [#121]

Defendant also asks the court to exclude Erick Gomez's testimony, arguing Gomez has "no personal knowledge of any relevant testimony." Def.'s Mot. 1 [#121]. Plaintiff states he would elicit testimony from Gomez, who was formerly incarcerated at SBCC, about DOC's practices at SBCC, specifically, "how the Department of Corrections does not punish actions of correctional staff members who violate policies" and, in Gomez's experience, how correctional officers serving as inmate escorts behaved. Pl.'s Opp'n 1-2 [#138].

The proffered testimony concerning Gomez's personal experiences at SBCC is not relevant to the facts at issue here. Given Gomez's lack of personal knowledge as to the alleged

assault, the court will not allow him to be called in Plaintiff's case-in-chief. This Motion [#121] is ALLOWED.[2]

E.  Plaintiff's Motion *in Limine* to Exclude the Plaintiff's Criminal Record [#140]

Plaintiff seeks an order excluding testimony or documents relating to his criminal record, arguing the probative value would be substantially outweighed by the prejudicial effect on the jury and because evidence of his criminal record "would only be used to show [Plaintiff's] bad character[,]" it would be impermissible character evidence under Fed. R. Evid. 404(b). Pl.'s Mot. 1 [#140]. Defendant contends that the criminal record is admissible as probative of Plaintiff's character for truthfulness under Fed. R. Evid. 609(a)(1)(A) and that he intends to introduce a certified copy of Plaintiff's criminal conviction into evidence, as "the only objective evidence of plaintiff's criminal convictions." Def.'s Opp'n 2-3 [#147]. Defendant asserts further that Plaintiff has conceded the relevance of his criminal record because his Complaint [#1] details that record as the reason for Defendant's alleged acts of harassment against Plaintiff. Id. at 1-2. Defendant does not dispute that Plaintiff's criminal record is extremely prejudicial, but contends that the court can provide the jury with a limiting instruction that the evidence is only to be considered as evidence of Plaintiff's character for truthfulness. Id. at 3.

To the extent that Defendant seeks to introduce the record of Plaintiff's criminal conviction to attack Plaintiff's character for truthfulness, Fed. R. Evid. 609(a)(1)(A) requires that such evidence must be admitted "subject to Rule 403." Here, the court finds under Rule 403 that the probative value as to Plaintiff's truthfulness of his criminal record of approximately 120

---

[2] To the extent that Defendant offers testimony concerning the DOC's practices in general in escorting inmates to and from their cells, Plaintiff may ask to call Gomez as a rebuttal witness. Any such request shall include a proffer as to Gomez's anticipated testimony about his own personal experience with correctional officers escorting inmates to and from their cells.

convictions for sexual offenses against children is substantially outweighed by the danger of unfair prejudice. Accordingly, Defendant will not be permitted to introduce a certified copy of Plaintiff's criminal convictions or identify the specific crimes and criminal record to impeach Plaintiff. Defendant may introduce evidence that Plaintiff has been convicted of a felony.

To the extent that Defendant contends he is entitled to introduce the criminal record because Plaintiff's Complaint [#1] described Defendant as having been motivated by the nature of Plaintiff's criminal convictions, that argument is both premature and overbroad. If Plaintiff does not raise the issue of Defendant's motivation at trial, the allegations in the Complaint [#1] as to such motive are of no moment. If Plaintiff asserts he was targeted because of the type of offenses he is incarcerated for, or if he offers evidence he was called names like "Sandusky," the nature of those crimes will become relevant. Under Rule 403, however, the court will limit evidence regarding the nature of those crimes to providing the jury with the undisputed fact that Plaintiff is incarcerated for a conviction of sexual assault of a child.

Accordingly, Plaintiff's Motion [#140] is ALLOWED in part and DENIED in part.

F. Plaintiff's Motion *in Limine* to Exclude the Testimony of Michael Rodrigues,[3] James Allain, and Michael Fisher [#141]

Plaintiff asks the court to exclude the testimony of three DOC employees, Rodrigues, Allain, and Fisher, because they lack personal knowledge of the alleged assault and because their testimony would confuse the jury. Pl.'s Mot. [#141]. Defendant argues that because Rodrigues, Allain, and Fisher have "first-hand knowledge either of the events alleged, or as to the operations of the Souza-Baranowski Correctional Center" their testimony is relevant and should be allowed. Def.'s Opp'n 1 [#147-1].

---

[3] Plaintiff spells the name "Rodriguez" and Defendant spells it "Rodrigues," the court uses Defendant's spelling, Rodrigues.

7

1. Michael Rodrigues

Plaintiff states Rodrigues "has no knowledge of the circumstances surrounding the situation as he was not involved in the investigation." Pl.'s Mot. 1 [#141]. Defendant responds that Rodrigues was the Deputy Superintendent of Programs and Treatment at SBCC on September 5, 2013, that Rodrigues has "first-hand knowledge concerning [P]laintiff's initial report of the events in question[,]" and has personal knowledge of SBCC's operations during September 2013. Def.'s Opp'n 1 [#147-1].

Rodrigues is permitted to testify about Plaintiff's initial report of the alleged assault to the extent such testimony is based on his "first-hand knowledge" of that report. To the extent that Plaintiff puts SBCC's operations in September 2013 at issue, Rodrigues may testify concerning his personal experience and knowledge of these operations.

2. James Allain

Plaintiff states that although Allain is the "present Lieuten[]ant of the Restrictive Housing Unit" where Plaintiff was housed at SBCC, Allain lacks personal knowledge of the facts at issue because he was not present during the alleged assault and that Allain's testimony concerning procedures in place in the Restrictive Housing Unit would be irrelevant. Pl.'s Mot. [#141]. Defendant argues that Allain, as the lieutenant in charge of the Restrictive Housing Unit, would be able to testify about the operations of the Restrictive Housing Unit at SBCC during September 2013 because "[a]t the time of the alleged incident, Lt. Allain was recently assigned to SBCC." Def.'s Opp'n 2 [#147-1]. Defendant also states that Allain, who has personal knowledge of handcuffing techniques used at SBCC, should be able to testify about these techniques because Plaintiff has sought this information throughout this litigation, putting this evidence at issue. Id. at 2-3.

To the extent Plaintiff puts at issue at trial handcuffing techniques and/or the operations of the Restrictive Housing Unit at SBCC during September 2013, Allain may testify based on his personal knowledge of such facts. If neither issue is addressed during Plaintiff's case-in-chief, Allain's testimony will be excluded.

3. Michael Fisher

Plaintiff argues Fisher's testimony should be excluded because he was "not present when the situation occurred." Pl.'s Mot. 1 [#141]. Defendant argues Fisher was a percipient witness to the alleged assault. Def.'s Opp'n 3 [#147-1]. In light of Defendant's representation, the court will allow Fisher's testimony as to those relevant matters to which he claims first-hand knowledge. Accordingly, Plaintiff's Motion [#141] is DENIED.

G. Plaintiff's Motion *in Limine* to Sequester Witnesses [#142]

Plaintiff asks the court "to sequester all witnesses that are currently on the list to testify until they have completed their testimony before the Court and jury" and Defendant does not object. See Pl.'s Mot. [#142]; Def.'s Response [#147-2]. "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. Accordingly the Motion [#142] is ALLOWED and the court will order all witnesses excluded from the courtroom prior to testifying.[4]

II. Conclusion

For the aforementioned reasons, Defendant's motion *in limine* to exclude testimony regarding dismissed claims and alleged actions of dismissed defendants [#118] is ALLOWED; Defendant's motion *in limine* to exclude medical causation and diagnosis testimony [#119] is

---

[4] In his Response [#147-2], Defendant asks the court to order that "any witness to be called will need to appear only on their day of testimony and will not be expected to travel daily to the court." This court anticipates a single day of testimony and accordingly, this request is DENIED.

ALLOWED; Defendant's motion *in limine* to exclude testimony of Renate Carrier [#120] is ALLOWED in part and DENIED in part; Defendant's motion *in limine* to exclude testimony of Erick Gomez [#121] is ALLOWED; Plaintiff's motion *in limine* to exclude his criminal record [#140] is ALLOWED in part and DENIED in part; Plaintiff's motion *in limine* to exclude the testimony of three DOC employees is DENIED; and Plaintiff's motion *in limine* to sequester witnesses before they testify [#142] is ALLOWED.

    IT IS SO ORDERED.

Date: June 24, 2021                                         /s/ Indira Talwani
                                                                                   United States District Judge