UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JEREMIAH DOE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 16-cv-12068-IT |
| | * | |
| ALAN SANDERSON, II, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER
November 4, 2021

TALWANI, D.J.

Plaintiff, a prisoner proceeding *pro se* and under the pseudonym Jeremiah Doe, brought this action against Defendant Alan Sanderson, II, and other Massachusetts correction officers alleging federal and state civil rights violations and assault and battery. See Complaint ("Compl.") [#1]. Plaintiff's claims against Sanderson were tried before a jury and the jury found for Sanderson on all counts. Defendant now moves as the prevailing party pursuant to Federal Rule of Civil Procedure 54(d) for $838 in costs, Mot. for Costs [#170], and Plaintiff moves for the court to order the government to pay the costs for trial and pretrial transcripts for use in his appeal, Mot. for Transcripts [#180]. For the reasons that follow, both Motions [#170, 180] are DENIED.

### I.    Background

Plaintiff alleged in his Complaint [#1] that he was verbally harassed and physically abused by correction officers at Souza-Baranowski Correctional Center in 2013. Compl. ¶¶ 19-95 [#1]. He claimed that he was harassed and abused because he was a former law enforcement officer and was serving time in prison for numerous convictions of child sexual abuse offenses. Id. at ¶¶ 19, 23, 25, 27, 36, 42, 49, 51, 84. Plaintiff recited that Defendants repeatedly called him

names like "ripper" and "skinner," that referenced sexual abuse of children; told other prisoners he was incarcerated for "child rape" and was a former police officer; and encouraged him to commit suicide. Id. at ¶¶ 19-21, 23, 25, 36, 41-42, 45, 51-58, 60, 63, 76, 82.

The court dismissed claims based solely on alleged verbal, but not physical, abuse, as insufficient to state a claim under 42 U.S.C. § 1983. Mem. & Order 8-9 [#39] ("Verbal harassment such as 'threats, discourtesies, [and] epithets' does not amount to a viable Eighth Amendment claim, which requires sufficiently 'extreme deprivation.'") (quoting Skinner v. Cunningham, 430 F.3d 483, 489 (1st Cir. 2005)). The court denied Defendants' motion to dismiss Plaintiff's § 1983 claim against Sanderson, where Plaintiff alleged physical abuse. Id. at 10-11. Plaintiff alleged Sanderson twisted his hand when he was removing Plaintiff's handcuffs, causing bruising and numbness in Plaintiff's hand, and repeatedly called Plaintiff "Sandusky" and other names that referenced Plaintiff's child sexual abuse convictions. Compl. ¶¶ 54-58, 60-78 [#1]. After discovery was completed, that claim, together with two state law claims, proceeded to trial.

In a pretrial motion *in limine*, Plaintiff moved to exclude any mention of his "criminal records and/or his reason [for] being in prison" at trial, Pl.'s Mot. to Exclude Pl.'s Criminal Record [#140]; Defendant Sanderson opposed the request and stated he sought to introduce "the certified copy of plaintiff's criminal convictions" as his convictions related to Plaintiff's truthfulness, Def.'s Opp'n [#147]. The court found the "probative value as to Plaintiff's untruthfulness of his criminal record of approximately 120 convictions for sexual offenses against children is substantially outweighed by the danger of unfair prejudice." Mem. & Order 6-7 [#148]. The court then instructed Defendant Sanderson that he could introduce evidence Plaintiff had been convicted of a felony and, if Plaintiff asserted "he was targeted because of the type of offenses" he was incarcerated for or offered evidence he was called names like Sandusky,

the court would "limit evidence regarding the nature [of Plaintiff's convictions] to providing the jury with the undisputed fact that Plaintiff is incarcerated for a conviction of sexual assault of a child." Id. at 7.

At trial, Plaintiff elected to make no mention of his allegations that he had been mistreated because he was convicted of sexual assault of a child. He presented no evidence regarding the alleged verbal harassment – such as the purported name-calling of "Sandusky" – that referenced sexual abuse of children. While that choice may have reflected the reality that a jury was not likely to sympathize with an inmate convicted of such a crime, in the absence of this evidence, the jury was left with the unlikely narrative that Plaintiff was mistreated by correction officers simply because he was a former law enforcement officer.

The jury found for Sanderson and against Plaintiff on all counts. Jury Verdict [#162].

## II.      Motion for Transcripts at No Cost

Plaintiff seeks transcripts for trial proceedings, which took place over two days, and all pretrial proceedings between October 28, 2019, and July 16, 2021. Transcript Order Form [#177-1]. He states that he seeks to argue on appeal that the court should not have denied his motion to compel certain videos. Second Mot. for Transcripts 1-2 [#180]. Plaintiff also states he will appeal on the basis of "impermissible arguments" made by counsel for Defendant during closing argument and witness examinations. Id. at 2.

### A.  Legal Standard

Under 28 U.S.C. § 753(f), "[f]ees for transcripts furnished in [non-criminal] proceedings to persons permitted to appeal in forma pauperis shall . . . be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."

### B. Discussion

Plaintiff was granted leave to proceed *in forma pauperis* on April 27, 2017. Order [#7]. Accordingly, the court considers whether Plaintiff's appeal presents a substantial question.

With regard to Plaintiff's <u>Motion to Compel</u> [#100], not only does that issue fail to present a substantial question, but the court issued a <u>Memorandum and Order</u> [#115] which will allow for appellate review without the need for transcripts. Plaintiff's further ground regarding "impermissible arguments" allegedly made by Defendant's counsel is too vague for the court to determine that Plaintiff has presented a substantial question.

Accordingly, the <u>Motion for Transcripts at No Cost</u> [#180] is DENIED.

### III.    Motion for Costs

Defendant seeks $838, the costs the Department of Corrections ("DOC") incurred by taking the written depositions of Plaintiff's disclosed witness Erik Gomez and Defendant's disclosed witnesses Michael Rodrigues, James Allain, and Michael Fisher. Mot. 1 [#170].

### A. Legal Standard

Under Rule 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). "There is a background presumption favoring cost recovery for prevailing parties." <u>B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc.</u>, 516 F.3d 18, 20 (1st Cir. 2008) (citing <u>In Re Two Appeals Arising Out of the San Juan Dupont Hotel Fire Litig.</u>, 994 F.2d 956, 963 (1st Cir. 1993)). Courts retain discretion under Rule 54(d) to decline to award costs but "must offer an explanation for doing so unless the basis for denying costs is 'readily apparent on the face of the record.'" <u>Id.</u> at 28 (quoting <u>In Re Two Appeals</u>, 994 F.2d at 963).

"Congress has enumerated the type of expenses that a federal court 'may tax as costs.' Rule 54(d) works in tandem with the [28 U.S.C. § 1920]." <u>In Re Two Appeals</u>, 994 F.2d at 962

(quoting 28 U.S.C. § 1920). The categories of costs that can be taxed include "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(2). The "necessity" of a deposition transcript "is determined at the time of taking, and the fact that a deposition is not actually used at trial is not controlling." Martinez v. Cui, No. Civ. A. 06-40029FDS, 2009 WL 3298080, at *2 (D. Mass. Apr. 13, 2009) (citations omitted).

      *B. Discussion*

      Defendant argues the transcripts of the depositions by written question of Fisher and Allain are taxable because Plaintiff used or possibly used the transcripts during cross examination at trial and the deposition transcripts of Gomez and Rodrigues, although not used at trial, should also be taxed because the court ordered Defendant to appoint a court reporter, take the written deposition testimony of the Parties' witnesses, and to produce a certified transcript of the questions and responses. Mot. 2 [#170] (citing Order [#91]).

      Plaintiff argues the Motion [#170] should be denied because (1) he lacks the ability to pay; (2) written depositions were only necessary because of Defendant's delayed discovery responses; and (3) awarding costs could chill meritorious prisoner lawsuits. Opp'n 2 [#176].

      "Although there is a presumption favoring cost recovery for prevailing parties, there is also support for declining to tax those costs where 'the losing party is indigent.'" Martinez, 2009 WL 3298080, at *4 (quoting In Re Two Appeals, 994 F.2d at 963). Plaintiff proceeded in this action *in forma pauperis*. In his Opposition [#176] he states his prison wage is $1.10 an hour and that he would have to work for more than six months to pay the $838. Opp'n 3 [#176]. The court finds Plaintiff's indigency weighs against awarding costs where the $838 at issue represents a substantial burden to him, where the costs were not personally incurred by Defendant Sanderson, and where the DOC has substantially more financial resources than Plaintiff. See Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247-48 (9th Cir. 2014) (explaining that when

declining to award costs under Rule 54(d), courts may consider, among other things, "the plaintiff's limited financial resources" and "the economic disparity between the parties").

Moreover, DOC's efforts to tax costs may chill nonfrivolous civil rights litigation. <u>See</u> <u>López-López v. Robinson School, Inc.</u>, 495 F. Supp. 3d 84, 87 (D.P.R. 2020) (awarding "costs and fees . . . would create the unwanted 'chilling effect' of discouraging civil rights plaintiffs to bring their claims before the courts"). This is of concern given many prisoners bringing civil rights claims, including those for excessive force, would have no means to pay costs aside from using their prison wages, and may thus be deterred, regardless of the merits of the claim. <u>See</u> <u>Draper v. Rosario</u>, 836 F.3d 1072, 1088 (9th Cir. 2016) ("Many would-be litigants in Eighth Amendment excessive force cases . . . have virtually no resources. Even those with meritorious cases may choose not to risk an unsuccessful lawsuit that could add to the fees and costs associated with conviction and imprisonment.").

Accordingly, the court finds Plaintiff's indigency, the disparity between the financial resources of the parties, and the risk of chilling meritorious litigation weigh against awarding costs and will exercise its judicial discretion under Fed. R. Civ. P. 54(d) to deny taxable costs to Defendant.[1]

---

[1] Because the court finds Plaintiff's indigency and the potential chilling effect of awarding costs support the denial of Defendant's <u>Motion</u> [#170] the court need not address the Parties' arguments concerning whether Plaintiff or Defendant was responsible for the need for a court reporter to transcribe the written depositions.

**IV.     Conclusion**

For the foregoing reasons, Defendant's <u>Motion for Costs</u> [#170] is DENIED and

Plaintiff's <u>Motion for Transcripts at No Cost</u> [#180] is DENIED.

IT IS SO ORDERED.


Date: November 4, 2021                                              <u>/s/ Indira Talwani</u>
                                                                   United States District Judge